Sally **MOORE**

v.

**Lionel P. LANGELIER d/b/a Steerhouse.**

Supreme Judicial Court of Maine.

Dec. 7, 1977.

**200**

Platz & Thompson, P. A. by John M. Whalen (orally), Lewiston, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Warren Winslow, Jr. (orally), Augusta, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM:

The appellant alleges she sustained an injury to her back when she slipped in the kitchen of the restaurant where she worked as a waitress. The Industrial Accident Commissioner awarded her compensation from June 22, 1976, the date the injury was sustained, until July 20, 1976, the date the Commissioner found *"she did return to work."* The Superior Court entered a pro forma judgment affirming the Commissioner's decree. This seasonably filed appeal followed.

We vacate the pro forma decree of the Superior Court and remand to the Industrial Accident Commission.

 Appellant contends, and the employer/appellee concedes, that the decree was erroneous since there had never been any evidence presented that appellant had ever returned to work. The record demonstrates, in fact, that appellant left work at the end of June and never returned.

"In the absence of competent evidence to sustain a finding, the issue becomes one of law and it is the duty of this Court under such circumstances to set aside the finding of the Commission." *Crosby v. Grandview Nursing Home*, Me., 290 A.2d 375, 379 (1972).

Since there was no evidence in the record supporting the Commissioner's finding that appellant had returned to work, we accordingly set that finding aside.

Appellee contends that the appropriate relief in this case would be to treat the appeal as a request pursuant to 39 M.R.S.A. § 99–A for leave of the court to return the matter to the Commission with a direction to correct the oversight in the order. That statute, however, refers only to clerical mistakes. It does not appear that the erroneous decree here was the result of a clerical mistake. Rather it appears that the error was the result of a misconception by the Commissioner. 39 M.R.S.A. § 99–A has therefore no application.

We note finally that no finding was made relative to whether appellant was totally or only partially disabled. Upon remand the Commission must make findings on this point.

The entry must be:

Appeal sustained.

Judgment of the Superior Court vacated.

Remanded to the Industrial Accident Commission for further proceedings consistent with the opinion herein.

Further ordered that the appellee pay to the appellant an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

McKUSICK, C. J., and DELAHANTY, J., did not sit.